UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY HARDY,<br><br>            Plaintiff,<br><br>     v.<br><br>SAM'S WEST, INC.,<br><br>            Defendant. | Case No. 1:24-cv-00384-CDB<br><br>ORDER GRANTING MOTION OF PLAINTIFF'S COUNSEL CHARLES M. RAY TO WITHDRAW AS COUNSEL OF RECORD<br><br>(Doc. 14)<br><br>ORDER DIRECTING PLAINTIFF NANCY HARDY TO SHOW CAUSE IN WRITING WHETHER SHE INTENDS TO OBTAIN NEW COUNSEL OR CONTINUE PROSECUTING THIS ACTION<br><br>**14-DAY DEADLINE** |

### Background

Plaintiff Nancy Hardy initiated this action in Kern County Superior Court prior to the removal of the action to this Court by Defendant Sam's West, Inc., on April 1, 2024. (Doc. 1). In the operative complaint, Plaintiff asserts claims relating to alleged workplace issues involving disability discrimination, retaliation, hostile work environment, and intentional infliction of emotional distress. (*Id.* ¶ 1). The parties filed a joint scheduling report and convened for a scheduling conference on June 27, 2024. (Docs. 4, 5). Douglas Schneck, who is no longer associated with the firm Ray & Seyb LLP, appeared as counsel for Plaintiff at the conference. (Doc. 14 at 3). The scheduling order was entered on July 1, 2024, and set forth the following deadlines: fact discovery 1/27/2025; expert disclosures 2/10/2025; rebuttal disclosures 2/24/2025; expert discovery 3/26/2025; mid-discovery status conference

1

set for 12/16/2024; non-dispositive motions filed by 2/17/2025 and hearing on 3/24/2025; dispositive motions filed by 3/31/2025 and hearing on 5/5/2025; pretrial conference set for 7/7/2025; and jury trial set for 9/8/2025.  (Doc. 9).

On October 30, 2024, Counsel for Plaintiff, Charles M. Ray ("Counsel Ray") filed his motion to withdraw as attorney.  (Doc. 12).  On November 1, 2024, the Court denied Counsel Ray's motion to withdraw as attorney without prejudice for failing to comply with the requirements under Local Rule 182(d) to provide notice to the client and an attorney affidavit stating the current or last known address or addresses of the client.  (Doc. 13).

### **Plaintiff's Counsel's Unopposed Motion to Withdraw as Attorney**

Pending before the Court is the renewed motion of Counsel Ray to withdraw as counsel of record for Plaintiff Nancy Hardy, filed November 13, 2024.  (Doc. 14).  Counsel Ray noticed the motion hearing for December 23, 2024.  (*Id.*).  On November 14, 2024, Defendant Sam's West, Inc. ("Defendant") filed a statement of non-opposition to the pending motion.  (Doc. 15).  On December 2, 2024, in accordance with the scheduling order (Doc. 9), the parties filed a joint status report regarding the mid-discovery status conference set for December 16, 2024.  (Doc. 16).  Therein, the parties represent that "Plaintiff's actions are obstructing the orderly progress of pre-trial discovery . . . [thereby] depriving Defendant of the opportunity to evaluate and challenge the accuracy and credibility of any evidence Plaintiff may present, if any exists."  (*Id.* at 3).

Based on the information contained in the parties' joint status report, on December 9, 2024, the Court vacated the mid-discovery status conference set for December 16, 2024, and advanced the hearing on the pending motion to withdraw to December 16, 2024, at 10:00 AM.  (Doc. 17).  Plaintiff's Counsel was ordered to deliver a copy of the December 9, 2024, order to Plaintiff at her last known address and to promptly file proof of the same.  (*Id.*).  On December 11, 2024, Plaintiff's Counsel filed its notice for filing proof of service as ordered.  (Doc. 18).

The Court convened for an in-person and Zoom videoconference hearing on counsel for Plaintiff's motion to withdraw on December 16, 2024.  (Doc. 19).  Counsel Ray appeared via Zoom videoconference.  (*Id.*). Terry L. Higham appeared in-person on behalf of Defendant.  (*Id.*).  Despite having notice of the motion and the hearing, Plaintiff Nancy Hardy did not appear and has not made any

filings in response to Counsel Ray's motion to withdraw. (*Id.*). The same day, at the joint request of the parties (Doc. 16) and for good cause shown, the Court vacated all case management dates to be reset as appropriate following the Court's order on the pending motion to withdraw. (*Id.*).

For the reasons set forth below, Counsel Ray's unopposed motion to withdraw will be granted.

### Legal Standard

The decision to grant or deny an attorney's motion to withdraw is ultimately committed to the discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). "In ruling on a motion to withdraw as counsel, courts consider (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citing *Nat'l Career Coll., Inc. v. Spellings*, No. 07-cv-00075-HG-LK, 2007 WL 2048776, at *2 (D. Haw. July 11, 2007)); *see CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

In addition to the above factors, withdrawal of counsel is governed by the Local Rules. Local Rule 182(d) provides that if withdrawal would leave a client without counsel, an attorney must file a formal motion and provide the client and all other parties with notice of the motion to withdraw. E.D. Cal. Local Rule 182(d). The attorney must also submit an affidavit providing the current or last known address of the client and describing the efforts made to notify the client of the motion to withdraw. (*Id.*).

Further, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." (*Id.*). The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a proceeding without the permission of such court. Cal. R. Prof. Conduct 1.16(c). Also, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules. Cal. R. Prof. Conduct 1.16(d).

Grounds for permissive withdrawal exist when "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. R. Prof. Conduct 1.16(b)(4).

**Discussion**

Based on its consideration of Counsel's motion, supporting declaration of Counsel, and discussion with the appearing parties during the motion hearing, the Court finds Counsel Ray has provided good cause to withdraw under the California Rules of Professional Conduct. The motion papers reflect that a breakdown in the attorney-client relationship has occurred despite Counsel's attempts to engage with Plaintiff, rendering it unreasonably difficult for counsel to effectively represent his client. As set forth in Counsel's papers and confirmed during the motion hearing, Plaintiff has failed to respond to any of her counsel's calls or emails since June 27, 2024. (Doc. 14 at 3-4). Plaintiff has failed to respond to her counsel's letter notifying her of the instant withdrawal despite her receipt of the letter – demonstrated by her signature on the certificate of mailing on November 6, 2024, with the receipt returned to Counsel's offices on November 8, 2024. (Doc. 14 at 4).

Counsel Ray has complied with the notice requirements in Local Rule 182(d). Specifically, Counsel provided Plaintiff with notice of the motion and copies of the motion papers. (Doc. 14-1 at Ex. A, Ex. B, Ex. C). Counsel also provided a supporting declaration stating the current or last known address of Plaintiff. (Doc.14-1 ¶ 15). Plaintiff did not appear at the motion hearing and has not filed any response to Counsel's motion. The Court also notes granting withdrawal will not cause any prejudice to any litigant, to the administration of justice, or delay the resolution of the case. Among other things, the Court notes that Defendant does not oppose the pending motion or otherwise argue that it will suffer any prejudice from the Court's granting of the motion. (Doc. 15). Further, Plaintiff Hardy will be afforded ample time to retain counsel or represent herself before the trial date set on September 8, 2025. (Doc. 9).

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED:

1. The motion of counsel Charles M. Ray to withdraw as counsel of record for Plaintiff (Doc. 14) is GRANTED;

2. The Clerk of the Court is directed to terminate Charles M. Ray as counsel of record for Plaintiff;

3. Counsel Charles M. Ray shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding the release of a client's papers and property and the return of unearned fees;

4. Plaintiff Nancy Hardy is substituted-in pro se and is DIRECTED to comply with all hearing dates and the rules of the Court;

5. The Clerk of the Court is DIRECTED to enter the following contact information for Plaintiff Nancy Hardy's address of record:

> Nancy Hardy
>
> 3105 Doris Ln.
>
> Bakersfield, CA 93304

6. The Clerk of the Court is DIRECTRD to serve this order on Plaintiff by mail; and

7. Plaintiff is ORDERED to show cause, in writing, **within fourteen (14) days** of service of this order whether she intends to obtain new counsel or represent herself and otherwise continue prosecuting this action. **Any failure by Plaintiff to respond to and comply with the Court's order in this regard will result in the imposition of sanctions for failure to prosecute and failure to comply with the Court's order, up to and including in the dismissal of this action.**

IT IS SO ORDERED.

Dated:   **December 27, 2024**

UNITED STATES MAGISTRATE JUDGE