UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY HARDY,<br><br>            Plaintiff,<br><br>    v.<br><br>SAM'S WEST, INC.,<br><br>            Defendant. | Case No. 1:24-cv-00384-CDB<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND OBEY A COURT ORDER<br><br>(Doc. 20) |

**Background**

Plaintiff Nancy Hardy initiated this action in Kern County Superior Court prior to the removal of the action to this Court by Defendant Sam's West, Inc., on April 1, 2024.[1] (Doc. 1). In the operative complaint, Plaintiff asserts claims relating to alleged workplace issues involving disability discrimination, retaliation, hostile work environment, and intentional infliction of emotional distress. (*Id.* ¶ 1). The operative scheduling order was entered on July 1, 2024, pursuant to which nonexpert discovery closes on January 27, 2025, and expert discovery closes on March 26, 2025. (Doc. 9).

On December 27, 2024, the Court granted counsel for Plaintiff Charles M. Ray's motion to withdraw as counsel of record. (Doc. 20). The Court found good cause to grant the request to withdraw

---

[1] On June 28, 2024, upon the consent of all parties to the action, the Honorable Chief Judge Kimberly J. Mueller authorized that the action proceed before the assigned magistrate judge for all further proceedings including trial and entry of judgment, pursuant to 28 U.S.C. § 636(c)(1). (Doc. 8).

1

1  due to the breakdown in the attorney-client relationship despite Counsel Ray's attempts to engage with
2  Plaintiff, Counsel's compliance with Local Rule 182(d)'s notice requirements, and Plaintiff's failure to
3  appear at the hearing or otherwise respond to the motion. (*Id.* at 4). The Court substituted-in pro se
4  Plaintiff Nancy Hardy and issued an order directing her to comply with all hearing dates and the rules
5  of the Court. (*Id.* at 5). Further, the Court directed Plaintiff Hardy to show cause in writing within 14
6  days of service of the order whether she intends to obtain new counsel or represent herself and otherwise
7  continue prosecuting this action. (*Id.*). Plaintiff was cautioned that any failure to respond and to comply
8  with the Court's order may result in the dismissal of the action. (*Id.*).

9  Plaintiff Hardy failed to file a response to the Court's show cause order and the time to do so has
10 passed. For the reasons given below, the Court will dismiss this action without prejudice.

11 **Governing Legal Standards**

12 Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure
13 of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for
14 imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal.
15 L.R. 110. The Court has the inherent power to control its docket and may, in the exercise of that power,
16 impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*,
17 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute
18 an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258,
19 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint);
20 *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply
21 with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to
22 prosecute and to comply with local rules).

23 "In determining whether to dismiss an action for lack of prosecution, the district court is required
24 to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's
25 need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
26 disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*,
27 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors
28 guide a court in deciding what to do and are not conditions that must be met in order for a court to take

1  action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir.
2  2006) (citation omitted).

3  **Discussion**

4  Here, Plaintiff Hardy has failed to comply with the Court's orders. Plaintiff has filed no response
5  to the Court's order to show cause, and the time to do so has passed. Coupled with former Counsel's
6  representations that Plaintiff was nonresponsive and given her failure to respond to Counsel's motion to
7  withdraw or appear at the motion hearing, there are no other reasonable alternatives available to address
8  Plaintiff's failure to respond and otherwise obey this Court's orders. Thus, the first and second factors—
9  the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of
10 dismissal. *Carey*, 856 F.2d at 1440.

11 The third factor, risk of prejudice to Defendants, also weighs fairly in favor of dismissal since a
12 presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See*
13 *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed further without
14 Plaintiff's participation to inform the Court whether she intends to obtain new counsel or represent
15 herself and otherwise continue prosecuting this action. Further, the parties attested in their joint mid-
16 discovery status report that "Plaintiff's actions are obstructing the orderly progress of pre-trial discovery,
17 [] [thereby] depriving Defendant of the opportunity to evaluate and challenge the accuracy and
18 credibility of any evidence Plaintiff may present, if any exists." (Doc. 16 at 3). The parties further
19 attested that Plaintiff's misconduct further impedes Defendant's ability to pursue summary judgment.
20 (*Id.*). The presumption of injury holds given Plaintiff's unreasonable delay in prosecuting this action.
21 Thus, the third factor—a risk of prejudice to the Defendants—also weighs in favor of dismissal. *Carey*,
22 856 F.2d at 1440.

23 The fourth factor usually weighs against dismissal because public policy favors disposition on
24 the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little
25 support to a party whose responsibility it is to move a case toward disposition on the merits but whose
26 conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this
27 case forward toward disposition on the merits, and instead has obstructed the parties' opportunity in
28 doing so. (Doc. 16 at 3) ("Plaintiff's misconduct . . . impedes Defendant's ability to pursue . . . summary

judgment . . . a motion which Defendant believes will resolve this lawsuit."). She has instead failed to comply with this Court's orders, the Federal Rules of Civil Procedure, and the Local Rules, and is thus impeding the progress of this action. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court's order to show cause, requiring a response from Plaintiff, cautioned: "**Any failure by Plaintiff to respond to and comply with the Court's order in this regard will result in the imposition of sanctions for failure to prosecute and failure to comply with the Court's order, up to and including in the dismissal of this action.**" (Doc. 20 at 5) (emphasis original); *see* Fed. R. Civ. P. 41(b) (stating that dismissal is warranted "[i]f the plaintiff fails to … comply with … a court order."); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."). Plaintiff was adequately forewarned that the failure to timely respond to the show cause order could result in terminating sanctions.

Accordingly, because Plaintiff has failed to comply with this Court's Local Rules and the Court's orders, and in so doing is failing to prosecute her case, the Court dismisses this action without prejudice.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED:

1. This action is DISMISSED without prejudice for Plaintiff's failure to prosecute this action and to comply with the Court's order.
2. The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated: **January 16, 2025**   _____
UNITED STATES MAGISTRATE JUDGE

4